NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4628
_____


IN RE: SPRINT PREMIUM DATA PLAN MARKETING
AND SALES PRACTICES LITIGATION


Michael Peggins; James Hanks; David Salvatierra,
Appellants
_____


On Appeal for the United States District Court
for the District of New Jersey
(Civ. No. 2-10-cv-06334)
District Judge: Honorable Susan D. Wigenton
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
October 31, 2013

Before: McKEE, *Chief Judge*, JORDAN and
SLOVITER, *Circuit Judges*

(Filed: April 16, 2014)


_____

OPINION
_____


McKEE, *Chief Judge*.


Michael Peggins, James Hanks, and David Salvatierra  appeal the district court's

order enjoining them from continuing an action filed in California state court, captioned

*Michael Peggins and James Hanks v. Sprint Solutions, et al.*, Case No. 37-2012-00097719-CU-MC-CTL, Superior Court of the State of California, County of San Diego. The order was entered pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283, For the reasons that follow, we will affirm the district court.

## I.

Because we write primarily for the parties who are familiar with the tortured procedural and factual history of this case, we need not reiterate it here in any detail. We note only that the appeal pertains to various cases that were consolidated in the District Court of New Jersey, each involving a challenge to Sprint Premium's Data fee.[1]

The Marron Group, on behalf of the *Salvatierra* Plaintiffs, filed a Notice of Voluntary Dismissal under Fed.R.Civ.P 41 from the MDL and informed the district court that the former named plaintiffs had served their demands upon Sprint to submit their claims to arbitration. The Marron Group attached a proposed order form for the district

---

[1] The individual actions include *Salvatierra v. Sprint Solutions, Inc.*, Civ. No. 3:10-02044 (S.D. Ca.) (the "*Salvatierra* action"), *Giglio v. Sprint Solutions and Sprint Nextel Corp.*, Civ. No. 2:10-cv-05467 (E.D. N.Y) and several other cases from California, Missouri and Kansas, transferred for coordination and/or consolidation with *Kim v. Nextel Corp. and Sprint Spectrum, L.P.*, No. 2:10-cv-06334 (D.N.J) and *Kahn v. Sprint Spectrum, L.P.*, No. 2:10-cv. 06429 (D.N.J.), both of which were originally filed in the United States District Court for the District of New Jersey. The MDL was assigned to District Court Judge Wigenton.

court to sign.[2]  By an Order, dated July 11, 2011, the district court dismissed the Salvatierra Plaintiffs from the MDL.

Sprint moved to compel bilateral arbitration and dismiss or stay all actions in the MDL in accordance with the Arbitration Agreements included in Sprint's Customer Service Agreements. The district court issued an opinion on Sprint's Motion to Compel Bilateral Arbitration and dismiss/stay all pending actions. In which it rejected the MDL Plaintiffs' argument that the Arbitration Agreement was unlawful and unenforceable because it lacked essential terms. *In re Sprint Premium Data Plan Marketing and Sales Practices Litig.*, 2012 WL 847431 (D.N.J. Mar. 13, 2012). The district court also rejected the MDL Plaintiffs' argument that the Arbitration Agreement was unenforceable under the Federal Communications Act.  *Id*. at *12.

The MDL Plaintiffs' arguments raised questions of procedural and substantive unconscionability as well as the imposition of excessive costs.  In its opinion, the district

---

[2] The Notice of Voluntary Dismissal stated, in pertinent part, as follows:

> PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure, Rule 41(a)(1)(A)(i), Plaintiffs David Salvatierra, James Hanks, and Michael Peggins (collectively, the "Plaintiffs") by and through their undersigned counsel of record, hereby file this notice of voluntary dismissal of the *Salvatierra* action (DNJ No. 2:11-cv-02273),without prejudice.
>
> Plaintiffs have served their demand on Sprint to submit their claims to arbitration. Maintenance of the individual Salvatierra action as part of these consolidated proceedings is therefore inconsistent with the dispute resolution process of which plaintiffs have now availed themselves.

3

court ordered "further limited factual inquiry into the costs of arbitration and Plaintiffs' ability to pay the costs. *Id*. at 12.

Thereafter, the Marron Group indicated to Sprint's counsel that Salvatierra was withdrawing his demand for arbitration without prejudice, and  Hanks and Peggins abandoned their pursuit of arbitration. Instead, they filed a complaint for declaratory and injunctive relief in California state court.  That case is captioned *Michael Peggins and James Hanks v. Sprint Solutions, et al.*, Case No. 37-2012-00097719-CU-MC-CTL, Superior Court of the State of California, County of San Diego.  Salvatierra is not a party to the California state court action, and that action is not a putative class action.  It was individually brought by Hanks and Peggins, and seeks a declaration that Sprint's Customer Service Agreements with Hanks and Peggins are void or voidable because they were procured by fraud and are unconscionable and because it contains a class action waiver. The California state court action also seeks to enjoin Sprint from enforcing the Arbitration Agreements in their respective Customer Service Agreements.

On May 24, 2012, the Marron Group formally informed Sprint's counsel that Hanks and Peggins had abandoned their demands for arbitration.  The Marron Group served the complaint in the California state court action on Sprint.  Sprint contended  that the relief sought in the California state court action, *i.e*., a declaration that its Customer Service Agreement and Arbitration Agreement are unenforceable, is the very same relief sought by the MDL Plaintiffs in opposition to Sprint's Motion to Compel Arbitration. Sprint further contended that while the California state court action is not a putative class action, *per se*, it seeks to, among other things, enjoin Sprint from enforcing its Customer

4

Service Agreement and the Arbitration Agreement against any and all of its customers in the State of California because the various provisions therein are alleged to be, among other things, unconscionable.

Sprint filed a Motion, pursuant to the All Writs Act and the Anti-Injunction Act, for an Order to Show Cause to Enjoin the California state court action and to enjoin Salvatierra, Hanks and Peggins (hereinafter "SHP"), and the Marron Group, from commencing any similar litigation in state or federal court. The district court granted the Order to Show Cause on July 2, 2012. And, in an Order and Opinion, dated December 5, 2012, the district court enjoined "Plaintiffs James Hanks, Michael Peggins and David Salvatierra . . . from continuing their action against [Sprint] in California Superior Court San Diego County to the extent the action concerns the arbitration agreement in [Sprint's] customer Service Agreement." *In re Sprint Premium Data Plan Marketing and Sales Practices Litig.*, Civ. No. 10-cv-6334 (D.N.J. Dec. 5, 2012). The district court concluded that the injunction was issued pursuant to the "necessary in aid of a court's jurisdiction" exception to the Anti-Injunction Act.

Salvatierra, Hanks and Peggins ("SHP") filed this appeal from that order.[3]

## II.

## A.

---

[3] "The standard of review for the authority to issue an injunction under the Anti-Injunction Act and the All Writs Act is de novo." *In re Diet Drugs Prod. Liab. Litig.*, 369 F.3d 293, 304 (3d Cir. 2004) (citation omitted). "We review the terms of an injunction for an abuse of discretion, underlying questions of law receive de novo review, and factual determinations are reviewed for clear error." *Id.* (citation omitted).

"The All Writs Act empowers district courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *In re Diet Drugs*, 369 F.3d at 305 (quoting 28 U.S.C. § 1651). "The authority the All Writs Act imparts to district courts is limited, however, by the Anti-Injunction Act, which prohibits injunctions 'to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* (quoting 28 U.S.C. § 2283). "The two statutes act in concert, and "[i]f an injunction falls within one of the [Anti-Injunction Act's] three exceptions, the All-Writs Act provides the positive authority for federal courts to issue injunctions of state court proceedings.'" *Id.* (quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 143 (3d Cir. 1998)). The jurisdiction and judgment exceptions "are narrow and are 'not [to] be enlarged by loose statutory construction.'"[4]*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1998) (quoting *Atl. Coast Line R.R. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R.*, 398 U.S. at 297.

## B.

Before applying the All Writs Act and the Anti-Injunction Act, the district court must examine its jurisdiction over the parties. *See In re General Corp. Pick-Up Truck*

---

[4] Obviously, the injunction issued here by the district court was not expressly authorized by Act of Congress.

*Fuel Tank Prods. Liab. Litig.*, 134 F.3d at 140-41; *see also Carlough v. Amchem Products, Inc.*, 10 F.3d 189, 198 (3d Cir. 1993).

"[W]e recognize that it is a fundament of personal jurisdiction in a court of law that a defendant be actually domiciled or present within the territory of the forum court, without which the court would lack authority to bind that defendant." *(sic)*, *Carlough*, 10 F.3d at 198-99 (citation omitted). However, "this standard has been elaborated, and to some extent relaxed, particularly to befit the practical realities of the modern corporate entity and to reflect the replacement of the *capias ad respondendum* with personal service of process and modern form of service."*Id*. at 199. Thus, it is now well-established that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). A party is subject to suit in the forum if the party purposely conducted acts towards a forum and the claim arises out of that purposeful conduct. *Id*. at 319; *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The benchmark for exercising personal jurisdiction is whether a party's "conduct and connection with a forum State are such that [it] should reasonably anticipate being haled into court [in said forum]." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

## III.

In its thorough and thoughtful December 5, 2012, Opinion in support of its Order granting the injunction, the district court fully and completely explained why the

7

injunction it issued pursuant to the All Writs Act and the Anti-Injunction Act was necessary in aid of its jurisdiction. We can add nothing to that explanation and will affirm the district court substantially for the reasons explained in that opinion.[5]

---

[5] On September 19, 2013, Sprint's counsel sent a letter to the Clerk of this Court, pursuant to Fed.R.App.P. 28(j), contending that the district court's September 4th Opinion constitutes a final judgment determining the MDL Plaintiffs' obligation to arbitrate their claims and, therefore, makes the district court's December 5, 2012 injunction also necessary under the "relitigation exception" to the Ant-Injunction Act. However, that decision is not before us and we take no position on whether it makes the injunction necessary under the "relitigation exception."